UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

DENINE MESSERSMITH,

    Plaintiff,

v.

                                   Case No. 1:24-cv-02374

SPECTRA FEDERAL CREDIT UNION

    Defendant.

## DEFENDANT'S OBJECTION TO PLAINTIFF'S PRE-TRIAL WITNESS & EXHIBIT LIST

COMES NOW Defendant Spectra Federal Credit Union, by counsel, pursuant to Federal Rules of Civil Procedure Rule 26(a)(3)(B) and this Court's Order, and provides the following objections to Plaintiff's Pre-Trial Witness and Exhibit List:

## GENERAL OBJECTIONS TO PLAINTIFF'S WITNESS LIST

1. Without waiving any objections to the testimony of Plaintiff's identified experts, Defendant objects to any attempt by Plaintiff to call any witness to render expert testimony from any witness not previously identified as an expert witness.

2. Defendant objects to any attempt by Plaintiff to elicit any testimony from her identified experts that was not specifically, timely, and fully designated in Plaintiff's designation of experts and related reports. *See* Rule 37(c)(1), the Court's Pre-Trial Scheduling Order entered in this case, and *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592 (4th Cir. 2003).

3. Defendant objects to any attempt by Plaintiff to call any witness by deposition testimony other than that which has been previously designated.

4. Defendant objects to any attempt by Plaintiff to elicit cumulative testimony from any witnesses, including Plaintiff's expert witnesses.

159684102.1

5. Defendant objects to any attempt by Plaintiff to call any witness not identified on her Witness List.

## GENERAL OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST

1. Defendant objects to the admission into evidence of an itemization of economic or other damages on the grounds that they are out-of-court statements offered for the truth of the matters asserted therein and are not covered by any hearsay exception. Objection is further made on the grounds that such materials would be cumulative of witness testimony.

2. Defendant objects to the admission into evidence of any item, image, illustration or diagram that was created for the purpose of the trial of this case—i.e. demonstrative exhibits. Such materials constitute, among other things, hearsay not subject to any exception and should not be received by the Court as exhibits or given to the jury during their deliberations.

3. Objection is made to Plaintiff's attempted use of any and all demonstrative aids, chronologies, summaries or other materials that summarize, purport to summarize, or attempt to convey otherwise inadmissible information or data. Objection is also made to any attempt by Plaintiff to use any demonstrative aid, chronology or summary that Defendant's counsel has not had the opportunity to inspect prior to its attempted use.

4. Defendant objects to any attempt by Plaintiff to use any article, text, letter, opinion letter, pamphlet or presentation or other literature on the grounds that the same represent hearsay not subject to any exception. Defendant additionally objects to any attempt by Plaintiff to use any such materials that are irrelevant, that are outdated, or for which an appropriate foundation is not laid. Defendant further object to any attempt by Plaintiff to use these materials on the grounds that none were produced to Defendant in discovery or with Plaintiffs Exhibit List.

159684102.1

5. Defendant object generally to the admission of any documents, records, or things for which an adequate foundations has not or cannot be laid. Defendant further objects to the admission of hearsay accounts for which a valid exception to inadmissibility has not been established.

6. Defendant objects to the admission of any documents or things that have been designated as "CONFIDENTIAL".

## **SPECIFIC OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST**

| Exhibit Number | Description and Bates Number | Basis of Objection |
|---|---|---|
| 8 | Underwriting requirements<br><br>SPECTRA_NBN-00172-00173 | Plaintiff failed to supply or identify this record either during discovery or when specifically requested, this record contains hearsay and has no bearing upon the present suit |
| 99 | Email re Denine's Separation of Employment<br><br>SPECTRA-01516 | This exchange proffered in connection with a settlement offer is both irrelevant and unrelated the operant factual or legal inquiries, to permit admission of this record would improperly and unduly prejudice the finder of fact, moreover this correspondence constitutes an inadmissible statement made about compromise negotiations |
| 100 | Email re Discussion<br><br>SPECTRA-00571 | Defendant opposes the introduction of this 2020 record on the grounds that it has no bearing upon the relevant legal and factual inquiry |
| 105 | Email re employee loan Adams<br><br>SPECTRA-002219-002220, SPECTRA_NBN-00477-78 | This 2021 email relating to whether an employee loan should or should not be granted has no bearing upon the relevant legal and factual inquiry, moreover this email consist of inadmissible hearsay, including a non-party's private and sensitive financial information |
| 106 | Email re employee loan Sara Martinez<br><br>SPECTRA-002162-002164 | This 2019 email relating to whether an employee loan should or should not be granted has no bearing upon the relevant legal and factual inquiry, moreover this email consist of inadmissible hearsay, including a non-party's private and sensitive financial information |

| 110 | Email re FNMA Statements<br><br>SPECTRA-00778-00796, Objection SPECTRA 00778-00796 | **The range of records does not correspond with the description, SPECTRA 00778-00786, include a 7/20/2022 email with the subject line, RE: FNMA Statements, the remaining 10 pages related to other issues,** these hearsay accounts relate to collateral issues that having no bearing on the present dispute, more precisely any supposed "rounding error" had no bearing upon the relevant out of balance issues |
|---|---|---|
| 111 | Email re HMDA & FNMA<br><br>SPECTRA-00698-99 | This document contains hearsay accounts for which a valid exemptions does not apply |
| 112 | Email re HMDA Report<br><br>SPECTRA-003763-003766 | This document contains hearsay accounts for which a valid exemptions does not apply |
| 113 | Email re Lucro documents<br><br>SPECTRA-002253-002254 | This 2019 record contains hearsay accounts for which a valid exemption does not apply, moreover, it addresses issues which have no bearing upon the relevant legal or factual inquiry |
| 119 | Email re Meeting Request<br><br>SPECTRA-00427-00431 | This 2019 record contains hearsay accounts for which a valid exemptions does not apply, moreover, it addresses issues which have no bearing upon the relevant legal or factual inquiry |
| 123 (also 124, 125) | Email re: PIP templates/examples<br><br>SPECTRA 001958-002111, Objection to 001958-001962 | **The range of records does not correspond with the description, SPECTRA 001958-001962 consist of PIP templates/examples, the remaining 142 pages relate to entirely different matters,** the Performance Improvement Plans examples are inadmissible because they have no relevance to the present dispute, as they relate to separate employees, violations, and supervisors, to allow these records to be admitted would confuse and unduly prejudice the finder or fact |
| 123 | Notes from various meetings, author not identified<br><br>SPECTRA 001974-001975 | These notes are inadmissible as the consist almost entirely of hearsay accounts of statements made during meeting(s) that supposedly occurred several years ago in connection with matters that do not bear upon or relate to the present dispute |

159684102.1

| | | |
|---|---|---|
| 123 | Rejected Severance Agreement and General Release<br><br>SPECTRA 001979-001983 | This offered settlement agreement is both irrelevant and unrelated to the operant factual or legal inquiries, moreover the document constitutes an inadmissible compromise offer and negotiation record |
| 123 | Email regarding Severance Payment<br><br>SPECTRA 001986-001989, 002001-002004 | This exchange, proffered in connection with ongoing settlement discussions, is both irrelevant and unrelated to the operant factual or legal inquiries, to permit admission of this record would improperly and unduly prejudice the finder of fact, moreover this correspondence constitutes an inadmissible statement made during compromise negotiations |
| 124 (also 123) | Email re PIP Templates^Performance - Azadbakht - 12.2022<br><br>SPECTRA_NBN-00217-18 | This PIP example is inadmissible because it has no relevance to the present dispute, as it relate to a separate employee, violations, and supervisor, to allow this record to be admitted would confuse and unduly prejudice the finder or fact |
| 125 (also 123) | Email re PIP Templates^Performance Saint-Jean - 08.2022 Updated 2/<br><br>SPECTRA_NBN-00219-20 | This PIP example is inadmissible because it has no relevance to the present dispute, as it relate to a separate employee, violations, and supervisor, to allow this record to be admitted would confuse and unduly prejudice the finder or fact |
| 130 | Email re Separation of Employment<br><br>SPECTRA-01519-01521 | This exchange, proffered in connection with ongoing settlement discussions, is both irrelevant and unrelated the operant factual or legal inquiries, to permit admission of this record would improperly and unduly prejudice the finder of fact, moreover this correspondence constitutes an inadmissible statement made during compromise negotiations |
| 131 | Email re Separation of Employment<br><br>SPECTRA-01524-28 | Portions of this exchange, proffered in connection with ongoing settlement discussions, are both irrelevant and unrelated to the operant factual or legal inquiries, to permit admission of portions of this record would improperly and unduly prejudice the finder of fact, moreover portions of this correspondence constitute an inadmissible statement made during compromise negotiations |
| 133-134 | Email re update from Denine Messersmith<br><br>Messersmith0000258-0000259, Messersmith0001384-80001386 | This February 12, 2020, record contains hearsay accounts for which a valid exemptions does not apply, moreover, it addresses issues which have no bearing upon the relevant legal or factual inquiry |

159684102.1

| 136 | Email re Your Loanliner Electronic docs<br><br>SPECTRA-002239-002240 | This 2021 record contains hearsay accounts for which a valid exemptions does not apply, moreover, it addresses issues which have no bearing upon the relevant legal or factual inquiry |
|---|---|---|
| 142 | Audio Recording meeting<br><br>Messersmith 0001283 | This recording was made without the consent two of the three participants, the recording was made by Plaintiff while in Maryland, as such the recording constitutes a violation of Maryland law and cannot be admitted against the non-consenting speakers, *State v. Maddox*, 69 Md. App. 296 (1986)., Md. Cts. & Jud. Proc. Code Ann. § 10-402(c)(3). |
| 143 | Memo re Quality Member Service | This 2018 write up of a non-party employee has no bearing upon the present suit, moreover this correspondence contains hearsay accounts, furthermore the substance of this document is likely to confuse the finder of fact |
| 152-175 | Performance Improvement Plans/Memos<br><br>SPECTRA 00614-00646, SPECTRA_NBN-00449-00450, SPECTRA_NBN-00447-00448, SPECTRA_NBN-00223-00224, | These Performance Improvement Plans are inadmissible because they have no relevance to the present dispute, each relate to separate employees, violations, and supervisors, notably none of these employees are appropriate comparators for Plaintiff and none of the Performance Improvement Plans involve the same decision makers or comparable conduct, furthermore each of the Performance Improvement Plans consist of or included hearsay statements, to allow these records to be admitted would confuse and unduly prejudice the finder or fact |

159684102.1

| 151 | LaTonya Turpin Declaration<br><br>Messersmith0001398-0001403 | This unsworn hearsay declaration is clearly inadmissible, for one it is replete with references to hearsay accounts about which Ms. Turpin could not testify, moreover, Ms. Turpin's account consist largely of unfounded speculation, additionally, Plaintiff has not designated LaTonya Turpin as a testifying witness |
|---|---|---|

              */s/ Patrick R. Kelly*
              Patrick R. Kelly (VSB#73662)
              Lewis Brisbois Bisgaard & Smith
              10 South Jefferson Street, Suite 1100
              Roanoke, VA 24011
              540-266-3200 (telephone)
              540-283-0044 (facsimile)
              patrick.kelly@lewisbrisbois.com
              ***Counsel for Spectra Federal Credit Union***

## CERTIFICATE OF SERVICE

      I hereby certify that on this 11th day of July, 2025, a copy of the foregoing was served on all parties and counsel of record via the Court's CM/ECF system.

              */s/ Patrick R. Kelly*

              Patrick R. Kelly (VSB#73662)
              Lewis Brisbois Bisgaard & Smith
              10 South Jefferson Street, Suite 1100
              Roanoke, VA 24011
              540-266-3200 (telephone)
              540-283-0044 (facsimile)
              patrick.kelly@lewisbrisbois.com

              ***Counsel for Spectra Federal Credit Union***